(79 Misc. Rep. 675.)

## In re BROWN.

(Surrogate's Court, Kings County.   March, 1913.)

EXECUTORS AND ADMINISTRATORS (§ 379*)—SALE OF LAND—SETTING ASIDE—
    JURISDICTION OF SURROGATE.
    Where a decedent's lands have been sold to pay debts, and the admin-
    istrator has received earnest money, the surrogate has no jurisdiction
    to set aside such sale, and direct a resale and return of the money.
        [Ed. Note.—For other cases, see Executors and Administrators, Cent.
    Dig. §§ 1545–1564, 1567;  Dec. Dig. § 379.*]

In the matter of the application of Catherine B. Brown, administra-
trix of Edward J. Brown, deceased, for a decree directing the sale of
his real property for the payment of his debts.   After sale ordered and
made, the administratrix moves that it be set aside, and a resale di-
rected.   Motion denied.

John F. Canavan, of New York City, for petitioner.
Harry J. Sokolow, of Brooklyn, for purchaser.

KETCHAM, S.   In this proceeding for the sale of decedent's lands
for the payment of debts, the administratrix, pursuant to the decree,
has sold the lands at auction, and has received earnest money from
the purchaser.   She now asks that the sale be set aside, that a resale
be directed, and that the amount received by her from the purchaser
be repaid.

The circumstances disclosed are such that the application would be
granted if the court could find power to entertain it.   Such power is
denied by the only known authority on the subject.   Matter of Bridge-
port Brass Co., 140 N. Y. Supp. 1111.   The result is harsh and in-
jurious.   Human life would be happier, and, no doubt, executors and
administrators, charged with the sale of lands for the payment of debts,
would find a larger peace and safety, if the statutes could only be so
construed as to invest the surrogate with the power to control such
sales.

The present condition is, for the present, bad; but no power has yet
been given to any human agency to find a law to be other than it is
because the law would be better if it were not.   This court, however
personally fond of ethical justice, cannot usurp the splendid irrespon-
sibility of saying that the refusal of jurisdiction, which is manifest in
the written law, must at once be read as if it were a grant of jurisdic-
tion, if only it can appear that a truly good and lofty end will be served
by the judicial perversion.   It has been said in the Court of Appeals
that the people of the state of New York have not yet been willing to
invest their surrogates with all the powers of a chancellor.   It is at
least equally certain that the people have not committed to this lim-
ited court the right to read the law contrary to its obvious meaning.
That dread faculty has never been held to belong to anybody except the
people themselves.

The motion must be denied.
Motion denied.